WILLIAM M. STEDMAN, JR., *versus* CHARLES PERKINS.

A. mortgaged to B. "all and singular the shipbuilding materials *now* in my shipyard in Calais, consisting of timber of various descriptions, and iron and tools of various kinds." This mortgage was dated 29th November, 1854, but was by mistake recorded as a mortgage dated 29th March, 1854. A. on the 16th day of July, 1855, conveyed a vessel built in his yard of some of the above materials, by bill of sale to C. On the 18th day of said July, B. attached the schooner as the property of A., and claimed possession under the mortgage and by a claim of lien for materials furnished : —

*Held*, that if the mortgage, properly recorded, would have been valid to encumber or defeat C.'s title, the mistake rendered it ineffectual for that purpose.

*Held*, that, as the writs, by virtue of attachments on which B. claimed to hold the vessel, only commanded the officer "to attach the goods and estate of" A., and as the declarations in them set forth no claim *in rem* against the vessel then sold to and in the possession of C., those precepts gave the officer no authority to take the vessel from C.'s possession.

ON AN AGREED STATEMENT OF FACTS from *Nisi Prius*.

This was an action of replevin for a schooner. The facts of the case appear in the opinion of the Court.

*George W. Dyer*, for plaintiff, cited the following authorities : *Chinnery* v. *Blackburn*, Abbott on Shipping, 44; *Bicknell* v. *Trickey*, 34 Maine, 281; *Fairfield* v. *Baldwin*, 12 Pick. 388; *Stanley* v. *Stanley*, 26 Maine, 191; *Russ* v. *Butterfield*, 6 Cush. 242.

*F. A. Pike*, for defendant, cited, among other authorities, *Breed* v. *Hurd*, 6 Pick. 357; *Crosby* v. *Chase*, 17 Maine, 369.

HATHAWAY, J.— The plaintiff acquired title to the schooner Belcher, replevied, by purchase of Joshua Pettygrove, as by bill of sale of July 16, 1855, and had possession of her.

The defendant pleads that he was justified in taking the schooner, as the servant of Zachariah Chipman, in whom, he alleges, the right of possession was, by virtue of a mortgage, from Pettygrove to him, of November 29, 1854; and, also, as a deputy sheriff, by virtue of two writs of attachment, against Pettygrove, in favor of said Chipman, and Chipman and als., to secure whose lien claims, he avers, he attached the schooner.

The mortgage conveyed to Chipman, "all and singular the

shipbuilding materials *now* in my shipyard, in Calais, consisting of timber of various descriptions, and iron and tools of various kinds."

This mortgage was dated November 29, 1854; but, by the facts agreed, it appears, that it was recorded in the registry of mortgages, in Calais, as a mortgage dated March 29, 1854. The record, therefore, was notice to the plaintiff of a mortgage of materials, &c., in the shipyard, March 29, 1854; and although it appears to have been so recorded, by mistake, yet if the mortgage, being properly recorded, would have been valid to defeat or encumber the plaintiff's title, the mistake was fatal, as affecting its validity for that purpose. R. S., c. 125, § 32.

The precepts, under which the defendant claims that he was justified, were against Pettygrove, and commanded the officer (the defendant,) only "to attach the goods or estate of Joshua Pettygrove."

There was no claim, *in rem*, set forth in the declaration, in either of them, against the schooner; nor did either of them command the officer to attach her, for on the 18th July, 1855, the date of the precepts, the schooner was not " the goods or estate of Pettygrove;" he had, previously, sold and conveyed her to the plaintiff, who retained her under that sale and conveyance, until she was attached and taken from him by the defendant.

Hence the precepts, under which the defendant acted, gave him no authority to take the schooner from the plaintiff.

*Defendant defaulted.*

TENNEY, C. J., and APPLETON, MAY and GOODENOW, J. J., concurred.